UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RASHON JOHNSON,

          Plaintiff,

    v.

CAMDEN CORRECTIONAL FACILITY,
WARDEN JAMES OWENS,
WARDEN J. TAYLOR, CAMDEN
BOARD OF FREEHOLDERS, CITY
OF CAMDEN, and METRO
POLICE DEPARTMENT,

          Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-06352(JBS-AMD)

**OPINION**

APPEARANCES

Rashon Johnson, Plaintiff Pro Se
706 Berkley Street
Camden, NJ 081041

**SIMANDLE, Chief District Judge:**

    1.   Plaintiff Rashon Johnson seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden Correctional Facility ("CCF"), Warden James Owens ("Owens"), Warden J. Taylor ("Taylor"), Camden Board of Freeholders ("BOF"), City of Camden ("City"), and Metro Police Department ("MPD") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

    2.   28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any

claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.   For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCF; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.   First, the Complaint must be dismissed with prejudice as to claims made against CCF because it is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. Oct. 21, 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

5.   Second, as to claims against the City and BOF, Plaintiff has not pled sufficient facts to impose liability on these defendants. "There is no *respondeat superior* theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents. Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." *Sanford*

2

*v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v.*
*N.Y.C. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). *See*
*also Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992)
("The city is not vicariously liable under § 1983 for the
constitutional torts of its agents: It is only liable when it
can be fairly said that the city itself is the wrongdoer.").
Plaintiff must plead facts showing that the relevant Camden
County policy-makers are "responsible for either the affirmative
proclamation of a policy or acquiescence in a well-settled
custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[1]
In other words, Plaintiff must set forth facts supporting an
inference that Camden County itself was the "moving force"
behind the alleged constitutional violation. *Monell*, 436 U.S. at
689. As Plaintiff may be able to amend his Complaint to address
the deficiencies noted by the Court, the Court shall grant
Plaintiff leave to amend the complaint within 30 days of the
date of this order.

---

[1] "Policy is made when a decisionmaker possess[ing] final
authority to establish municipal policy with respect to the
action issues an official proclamation, policy, or edict.
Government custom can be demonstrated by showing that a given
course of conduct, although not specifically endorsed or
authorized by law, is so well-settled and permanent as virtually
to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d
Cir. 2014) (internal quotation marks and citations omitted)
(alteration in original).

6.   Third, construing the Complaint to assert claims against Camden County Police (Complaint at 1 (naming "Metro Police Department" as a defendant)), the Complaint must similarly be dismissed as to claims made against MPD. "[A] city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part." *Jackson v. City of Erie Police Dep't*, 570 F. Appx. 112, 114 n.2 (3d Cir. 2014) (citing *Monell*, 436 U.S. at 694). Camden County Police (*i.e.*, "Metro Police Department") are not distinct from Camden County, and the Complaint asserts no facts alleging that Camden County was the "moving force" behind an alleged constitutional violation. *Monell*, 436 U.S. at 689. As Plaintiff may be able to amend his Complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

7.   Fourth, the Complaint must be dismissed as to claims made against Owens and Taylor because the Complaint does "[not] allege[] any personal involvement by [the wardens] in any constitutional violation – a fatal flaw, since 'liability in a § 1983 suit cannot be predicated solely on the operation of *respondeat superior*.'" *Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[Plaintiff's] complaint contains no allegations regarding [the] Warden[s]. 'Because vicarious

4

liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' Thus, [plaintiff] failed to state a claim against [the] Warden." *Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009)). As Plaintiff may be able to amend his Complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

8.   Finally, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii). The Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

9.   To survive *sua sponte* screening for failure to state a claim[2], the Complaint must allege "sufficient factual matter" to

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

10.  With respect to alleged facts giving rise to his claims, Plaintiff states: "[I]t was 4 other inmates besides myself on the floor." Complaint § III(C).

---

1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

11.  Plaintiff alleges that the purported events giving rise to these claims occurred "on or [a]round 2009, 2010, 2011, 2012, 2013 [and] 2014." *Id*. § III(B).

12.  With respect to alleged injuries from these events, Plaintiff states: "I was injured hitting my head on [the] toilet seat and the table from sleeping on the floor." *Id*. § IV.

13.  With respect to requested relief, Plaintiff seeks "in the excess of about $2.5 mill[ion]." *Id*. § V.

14.  These claims must be dismissed because the Complaint does not set forth enough factual support for the Court to infer that a constitutional violation has occurred.

15.  The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis

7

requires courts to consider whether the totality of the
conditions "cause[s] inmates to endure such genuine privations
and hardship over an extended period of time, that the adverse
conditions become excessive in relation to the purposes assigned
to them."). Some relevant factors are the length of the
confinement(s), whether plaintiff was a pretrial detainee or
convicted prisoner, any specific individuals who were involved
in creating or failing to remedy the conditions of confinement,
any other relevant facts regarding the conditions of
confinement, etc.

16. Plaintiff may be able to amend the Complaint to
particularly identify adverse conditions that were caused by
specific state actors, that caused Plaintiff to endure genuine
privations and hardship over an extended period of time, and
that were excessive in relation to their purposes. To that end,
the Court shall grant Plaintiff leave to amend the Complaint
within 30 days of the date of this order.[3]

17. Plaintiff is further advised that any amended
complaint must plead specific facts regarding the conditions of
confinement. In the event Plaintiff files an amended complaint,
Plaintiff must plead sufficient facts to support a reasonable

---

[3] The amended complaint shall be subject to screening prior to
service.

inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[4]

18.   Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended

---

[4] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to September 28, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. In the event Plaintiff elects to file an amended complaint, it should be limited to confinements in which Plaintiff was released after September 28, 2014.

complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

19.   For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCF; and (b) dismissed without prejudice for failure to state a claim. An appropriate order follows.


**March 7, 2017**                    **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                     Chief U.S. District Judge